# *LEEDS BROWN LAW, P.C.*

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____*Attorneys' at Law*_____

March 10, 2022

**Via ECF**

The Honorable James M. Wicks
United States Magistrate Judge
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>Markowitz v. Precipart Corporation</u>
               Docket No.: 20-CV-5033 (GRB)(JMW)

Your Honor:

      This office represents the Plaintiffs in the above-referenced matter. I write to (1) request an extension of the discovery deadline and (2) move to compel the deposition of a witness.

      **<u>Motion of Extension of Discovery Deadline</u>**

      This is the parties second request for an extension. On December 9, 2021, this Court granted the parties first joint request to extend discovery to permit depositions to be completed by March 31, 2022 (Dkt 23). As noted in defense counsel's letter seeking the extension (Dkt 22), the parties have exchanged productions totaling nearly 4,000 pages of discovery along with 19 audio recordings. Defense counsel also noted that we needed to complete the plaintiff's deposition and noted that plaintiff seeks to schedule up to eight additional depositions (Dkt 22). Consistent with that letter, the parties have worked diligently. We have completed the Plaintiff's deposition as well as the depositions of three non-parties. Plaintiff's process server has been attempting to serve a subpoena for a fifth deposition to be held on March 23 and the parties are coordinating to schedule the remaining depositions. However, given the schedules of the witnesses and attorneys, the parties believe that we need an additional six weeks to complete discovery. Accordingly, we request that the discovery deadline be extended until May 13, 2022.

**Motion to Compel**

Additionally, Defense counsel opposes Plaintiff's request to depose one witness, Oliver Laubscher who is the global CEO of Defendant Corporation. The parties have discussed this issue and are unable to reach agreement regarding the matter despite good faith efforts to resolve the dispute. Accordingly, Plaintiff hereby moves to compel Plaintiff's position is best summed up in an email to defense counsel wherein I said:

> As to Oliver [Laubscher], so far, two witnesses testified that he personally heard complaints of gender discrimination. I'm entitled to depose him with respect to what happened during that meeting and what, if anything, he did in response. If you are willing to admit, for purposes of summary judgement and trial, that Oliver will agree with Rachel's version of that meeting and that Oliver did nothing in response, then I don't need to depose him. But, I can't risk you bringing him to trial to dispute my client's recollection of that meeting and I can't leave myself open to him testifying that he took steps to remedy the problem, or that he investigated and found that there was nothing wrong, or that he directed policy changes. You have asserted the Ellerth affirmative defense to our hostile work environment claim. Oliver's knowledge of discrimination and his reaction to it is squarely relevant to your defense. To make it convenient for the witness, I will agree to limit my deposition to one hour and I'll do it by Zoom so he doesn't have to leave his home/office. These concessions will minimize any inconvenience. Let me know if you will agree to a stipulation as noted above. If not, we should discuss briefly before I make an application to the court. I'm available anytime on Monday to speak with you.

Despite the above, Defense counsel refuses to produce Laubscher for deposition and will not enter any stipulation regarding his testimony. In other words, they want to preclude us from any discovery regarding his involvement, but still keep him available to testify in a manner that favors defendant. It would be patently unfair to allow defendants to use Laubscher knowledge for their defense, but not allow plaintiff the opportunity to depose him. See Ebbert, 2007 U.S. Dist. LEXIS 15159 at *19; Schiller v. City of New York, 2006 U.S. Dist. LEXIS 67907 at *9 (S.D.N.Y September 20, 2006).

Generally, depositions of high-level executives are permitted upon a showing that (1) the witness has relevant first-hand knowledge, (2) less intrusive methods of obtaining the information have already been pursued, and (3) sitting for the deposition will not interfere with the executive's obligations to the company. Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp., 203 F.R.D. 98, 104 (SDNY 2001); General Star Indemnity Co. v. Platinum Indemnity Ltd., 210 F.R.D. 80 (SDNY 2002).

Here, the CEO has personal knowledge of what occurred at a meeting where complaints of gender discrimination were voiced directly to him. Defendants have asserted the *Faragher-Ellerth* defense which is available where the employer can demonstrate that (1) the employer exercised reasonable care to prevent and promptly correct any sexually harassing behavior; and (2) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective measures. See Faragher v. Boca Raton, 524 U.S. 775, 807 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998). Markowitz contends that she reported incidents of

gender discrimination directly to Laubscher who told her that he would address the issues she raised. Thus, Laubscher's testimony is necessary to corroborate Plaintiff's claim that she reported acts discrimination and retaliation to the highest-level executive at the Company. While multiple people were at that meeting and two have been deposed so far, memories have faded and we still need to know what Laubscher would say about what has occurred. Even if we depose everyone who was at the meeting and the testimony was consistent, Plaintiff must also be afforded the opportunity to question Laubscher about what actions, if any, he took in response to Plaintiff's complaints and probe the reasonableness of his response. Only Laubscher knows exactly what actions he took in response to Plaintiff's complaints, thus necessitating his deposition.

Defense counsel contends that a deposition would be an inconvenience to the CEO. Even in the case of the highest-ranking government officials, courts will permit depositions to proceed in a manner that is restricted to prevent significant interference with the job functions; this may include time-limits and depositions held at a place convenient to the deponent. See United States v. City of New York, 2009 U.S. Dist. LEXIS 68167 at *11 (E.D.N.Y August 5, 2009) (finding that a three-hour deposition would not interfere with then Mayor Bloomberg's ability to perform his official duties); See also Cutler v. City of New Haven, 2012 U.S. Dist. LEXIS 106712 at *4 (D. Conn. July 31, 2012). Plaintiff's counsel has offered and remains willing to limit the length of the deposition to one hour and hold the deposition at a time and place of Defendant's choosing, including via Zoom. Thus, there will be minimal inconvenience. Accordingly, Plaintiff requests that the Court compel the deposition of Laubscher.

We thank the Court for its time and attention to this matter.

                                              LEEDS BROWN LAW, P.C.

                                              /s/
                                              Rick Ostrove

Cc: All Counsel (Via ECF)