

Nixon Peabody LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Marissa Muscarella**
Associate

T / 516.832.7616
F / 844.850.6227
mmuscarella@nixonpeabody.com

March 14, 2022

<u>VIA ECF</u>

The Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      RE:    *Markowitz v. Precipart Corporation*, Case No. 20-CV-5033 (GRB)(JMW)

Dear Judge Wicks,

      This firm represents Defendant Precipart Corporation ("Precipart Corp.") in connection with the above-referenced matter. Precipart Corp. writes to respond to Plaintiff Rachel Markowitz ("Plaintiff")'s Letter Motion of Extension of Discovery Deadline and Motion to Compel dated March 10, 2022 (ECF No. 23).

### Response to Motion of Extension of Discovery Deadline

      Plaintiff only notified Precipart Corp. in early March 2022 that she intended to take an additional five (5) depositions, not previously scheduled. As such, Precipart Corp. has no objections to Plaintiff's request for an extension of the discovery deadline until May 13, 2022, as it is necessary so that the parties can complete the remaining depositions.

### Response to Motion to Compel the Deposition of Oliver Laubscher

      Plaintiff seeks to compel the deposition of Oliver Laubscher. Mr. Laubscher is the Global CEO of the holding company Precipart Group Ltd., who lives and works out of the United Kingdom. Precipart Group Ltd. is the parent holding company of multiple subsidiaries, one of which is Precipart Group Inc. which wholly owns Precipart Corp. operating out of Farmingdale, New York.[1] It is Precipart Corp. that is the Defendant and Plaintiff's former employer.

      "Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned." *Nature's Plus Nordic A/S v.*

---

[1] The other subsidiaries of holding company Precipart Group Ltd. are Precipart England and Precipart Switzerland. Precipart Group Inc. is the U.S. based subsidiary.

*Natural Organics, Inc.,* Case No. CV 09-4256 (ADS)(AKT), 2012 WL 1514871, at *2 (E.D.N.Y. April 30, 2012); *see also Harapeti v. CBS Television Stations Inc.*, Case No. 21 Misc. 680 (PE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021). Here, Plaintiff can neither establish that Mr. Laubscher has unique knowledge of the issues in this case nor that there are no other witnesses capable of providing the desired testimony. Unequivocally, there are no allegations of discriminatory or retaliatory conduct on the part of Mr. Laubscher. Mr. Laubscher, as the Global CEO of Precipart Group Ltd. oversees the subsidiary entities at a high-level. Mr. Laubscher does not (and did not) have any direct role in employment or personnel decisions, creating or implementing Human Resources policies and procedures, or disciplinary actions at Precipart Corp.

Plaintiff claims that Mr. Laubscher's deposition is indeed justified because Precipart Corp. has asserted the *Faragher-Ellerth* defense. In particular, Plaintiff argues that she is entitled to depose Mr. Laubscher in order to 1) corroborate Plaintiff's claim that she reported acts of discrimination to Mr. Laubscher at a breakfast meeting[2] with colleagues in June 2019 and 2) question Mr. Laubscher about what actions he took in response to her complaints. As Plaintiff concedes, several of her colleagues attended this meeting, two of which have been deposed already and corroborated that the meeting occurred and that Plaintiff raised discrimination concerns at that meeting. There were other attendees that have not been deposed and could be asked to corroborate Plaintiff's claim. Therefore, there is no need to depose Mr. Laubscher "with respect to what happened during that meeting" as Mr. Laubscher does not have unique knowledge in that regard.

Moreover, the *Faragher-Ellerth* defense concerns *Precipart Corp.'s* response to complaints of discrimination. As Global CEO, Mr. Laubscher has no unique knowledge of Precipart Corp.'s company policies on reporting and responses to complaints of discrimination and neither was he directly involved in such Human-Resources related areas. To the extent Mr. Laubscher "responded" to Plaintiff's concerns raised at the June 2019 meeting, that response would be a company response delegated to Human Resources and other low-level executives at Precipart Corp. There are other potential witnesses much more appropriately suited to testify.[3]

Plaintiff's desire to depose Mr. Laubscher is especially suspect because she has yet to depose any lower-level corporate executives, officials, Human Resources directors, etc. that could more adequately speak to company policies on sexual/gender harassment, responding to discrimination, and implementation of any policy changes (and has not even attempted to seek any testimony from the Human Resources department). Neither of the two witnesses deposed thus far that testified about the June 2019 breakfast meeting with Mr. Laubscher were low-level executives or members of the Human Resources department. The only logical conclusion is that Plaintiff seeks to harass Precipart Corp. by attempting to depose the highest level executive of its parent

---

[2] Mr. Laubscher became Global CEO in 2019 and held the breakfast meeting with several of the younger employees at Precipart Corp. in order to discuss issues uniquely facing their age-group. Complaint (ECF No. 01) ¶ 60.

[3] Plaintiff's legal authority is readily distinguishable from this case. *See e.g. Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001) (allowing deposition of CEO because plaintiff presented "evidence to infer that [the CEO] has some *unique knowledge on several issues* related to its claims") (emphasis added); *General Star Indemnity Co. v. Platinum Indemnity Ltd.*, 210 F.R.D. 80, 82-93 (S.D.N.Y. 2002) (permitting deposition of executive because opposing party did not show that the information the executive possessed was duplicative of information available from others).

holding company who has no unique knowledge of Precipart Corp.'s policies and procedures. *See Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997).

Plaintiff is aware that there are more appropriate deponents. For example, Plaintiff made a formal complaint with Precipart Corp.'s Human Resources Department on or around July 11, 2019 – approximately one month after the June 2019 breakfast meeting with Mr. Laubscher. In response, Precipart Corp. conducted a thorough investigation which included sixteen witness interviews and a review of various records and documents referenced by Plaintiff in her complaint.[4] Notably, Mr. Laubscher was not a participant in this investigation; for example, he did not interview any witnesses, including Plaintiff, or draft the investigation report.

Additionally, Plaintiff's argument that it is unfair for Precipart Corp. to seek to preclude testimony regarding Mr. Laubscher's purported involvement in this case and simultaneously insist that he remain available to testify at trial is misleading and baseless. Precipart Corp. has never represented to Plaintiff that it intends to rely on Mr. Laubscher's knowledge for its defense. As stated herein, Mr. Laubscher has no unique knowledge relevant to this case including as to Precipart Corp.'s discrimination policies and procedures. Therefore, Precipart Corp. does not intend to rely on Mr. Laubscher's irrelevant and unnecessary testimony at trial. Plaintiff's cited cases involve situations where parties moved to quash the depositions of high-ranking government officials and upon granting the motions, the courts also held that the parties could not later rely on those officials' testimony at trial. *See e.g. Schiller v. City of New York*, Case No. 04 CIV7922 (KMK)(JCF), 2006 WL 2708464, at *3 (S.D.N.Y. Sept. 20, 2006); *Ebbert v. Nassau County*, Case No. CV 05-5445 (FB)(AKT), 2007 WL 674725, at *6 (E.D.N.Y. March 5, 2007). Precipart Corp. takes no issue if the Court reaches a similar conclusion when denying Plaintiff's motion to compel.

Moreover, Plaintiff's willingness to make Mr. Laubscher's deposition logistically convenient does not annul the fact that the deposition is improper. "Convenience" is not a necessary factor in this Court's assessment. Plaintiff's cited cases are merely decisions where limited depositions were ordered upon the courts' findings that such depositions were warranted in the first place. *See United States v. City of New York*, Case No. 07-cv-2067 (NGG) (RLM), 2009 WL 2423307 (E.D.N.Y. Aug. 5, 2009); *Cutler v. City of New Haven*, Case No. 3:11CV662 (WWE), 2012 U.S. Dist. LEXIS 106712, 2012 (D.Conn. July 31, 2012). As such, Plaintiff's letter motion to compel the deposition of Oliver Laubscher should be denied.

Respectfully submitted,

*/s/ Marissa A. Muscarella*
Marissa Muscarella

CC: All counsel of record (Via ECF)

---

[4] Precipart has produced to Plaintiff the witness interview notes, investigation reports in draft and final versions, and other documentation related to the Human Resources investigation.