UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RACHEL MARKOWITZ,

                        Plaintiff,

        -against-

PRECIPART CORPORATION,

                        Defendant.
-------------------------------------------------------------------------X

**ORDER**

20-CV-5033 (GRB) (JMW)

**Brandon David Okano**
**Rick Ostrove**
Leeds Brown Law, P.C.
1 Old Country Road
Carle Place, NY 11514
*For Plaintiff*

**Joseph John Ortego**
**Jeannie Sha**
**Marissa A. Muscarella**
Nixon Peabody
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753
*For Defendant*

**WICKS,** Magistrate Judge:

        *"Orders are nobody can see the Great Oz! Not nobody, not nohow!"*[1]

Like Oz, attempts to take apex depositions, that is, depositions of high-ranking corporate or governmental officials, are often met with great resistance. The rationale, of course, is that there are significant risks of business interruption and potential harassment.[2] Courts disfavor

---

[1] The Gatekeeper in The Wizard of Oz (1939).
[2] *Chevron Corp. v. Donziger*, No. 11 Civ. 0691(LAK)., 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013).

requiring apex witnesses to sit for depositions.[3]  Indeed, "special scrutiny" is accorded to such applications.[4]  By no means, however, does this create a deposition exemption for high-ranking officials.[5]

Before the Court is Plaintiff's motion to compel a one-hour video deposition of Oliver Laubscher.  Laubscher is the Global Chief Executive Officer of the holding company, Precipart Group Ltd.  (DE 23.)[6]  According to the Complaint (DE 1, at ¶¶ 55-56) and witnesses deposed (DE 23), Laubscher is not merely the CEO, but a percipient witness.  It is against this backdrop that the Court considers the motion.

## I.  BACKGROUND

Not surprisingly, like most apex deposition disputes, the parties are adamantine in their respective positions.

Plaintiff's Complaint (DE 1) sets forth detailed allegations regarding her conversations with Laubscher.  Specifically, when Laubscher was promoted to Global CEO in June of 2019, he held a one-on-one meeting with Plaintiff "wherein she discussed the negative responses she received in response to pregnancy and maternity leave, and the fact Precipart offered no maternity benefits."  (DE 1 at ¶¶ 55-56.)  Plaintiff and Laubscher then exchanged detailed emails regarding what they discussed at the meeting, and Laubscher told Plaintiff that he would do his best to make cultural changes stating, "You'll see changes around benefits around family

---

[3] *In re Ski Train Fire of Nov. 11, 2000 Kaprun, Austria,* MDL 1428, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006).
[4] *Chevron Corp.,* 2013 WL 1896932, at *1.
[5] *Naftchi v. New York Univ. Med. Ctr.,* 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("Nor, in ordinary circumstances, does it matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking discovery is entitled to test the asserted lack of knowledge").
[6] The motion also sought leave to extend the discovery deadline, which the Court granted to May 13, 2022.  (*See* Electronic Order dated Mar. 16, 2022.)

2

leave soon as we put them into works. This won't hurt your job or future at Precipart. I wouldn't allow that to happen." (*Id.* at ¶ 57-59.) Later in June of 2019, Laubscher attended a meeting to discuss issues faced by Precipart's younger employees, including issues about stigmas on working mothers, hiring women, and the negative view of maternity leave. (*Id.* at ¶ 60.) Plaintiff alleges that Laubscher appeared receptive to the complaints, but that he did not follow up thereafter. (*Id.* at ¶ 61.)

In addition to the allegations in the Complaint, Plaintiff asserts that two witnesses who have already testified stated that Laubscher personally heard complaints of gender discrimination. (DE 23.) Moreover, Plaintiff points out that Defendant has asserted the "*Faragher-Ellerth* defense", whereby an employer asserts that they exercised reasonable care to prevent and promptly correct sexually harassing behavior, and that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective measures. *Id.* citing *Faragher v. Boca Raton*, 524 U.S. 775, 807 (1998).

Defendant on the other hand opposes putting up Laubscher. (DE 24). Defendant first notes that Laubscher is the Global CEO of Defendant's parent holding company, Precipart Group Inc. and is based in the United Kingdom.[7] (*Id.*) Defendant argues that Laubscher did not have any "direct" role in employment or personnel decisions, Human Resources policies, or disciplinary actions at Precipart Corp. (*Id.*) Defendant also asserts that Laubscher does not possess unique knowledge of any issues, and that the information sought can be obtained from other witnesses that were at the young-employee meeting. (*Id.*)

---

[7] Despite this conclusion, Defendant neither argues nor sets forth any authority for the proposition that Laubscher should not be produced for that reason alone. Some jurisdictions, like The People's Republic of China, prohibit the taking of depositions within their borders, even remotely. *See* Article 277 of Chinese Civil Law; *see also Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2019 WL 4053917, at *3 (S.D.N.Y. Aug. 28, 2019). The UK does not, to the Court's knowledge, have a similar law.

## II.  DISCUSSION

"Highly-placed executives are not immune from discovery."[8]  However, "[b]ecause of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate and governmental officials, who are sometimes referred to as 'apex witnesses.'"[9]  When determining whether the deposition of a high-ranking corporate executive should be allowed, however, plaintiffs have no burden to show that deponents have any relevant knowledge.[10]  The reason is that exempting high-ranking executives would create untenable tension with the goals of broad discovery.

Among the factors the Courts look to are "the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of the business."[11]  These factors do create a so-called "additional layer" of protection for high-ranking executives.[12]

Here, Plaintiff has established that Laubscher indeed has relevant knowledge regarding her claims as she directly communicated with Laubscher in person and via email on multiple occasions.  Although other individuals were present at the young-employee meeting and have knowledge of what conversations took place at that meeting, Plaintiff had additional one-on-one meetings/conversations with Laubscher, to which only he could testify.  Defendant's blanket

---

[8] *Hallmark Licensing LLC v. Dickens Inc.*, 17-CV-2149 (SJF)(AYS), 2018 WL 6573435, at *4 (E.D.N.Y. Dec. 13, 2018) (quotation and citations omitted).
[9] *Chevron Corp. v. Donziger*, No. 11 Civ. 0691(LAK)., 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013).
[10] *Hallmark*, at *5 (citation omitted).
[11] *Id.*  (citing, among others, *Chevron Corp.*, at *1 (allowing the defendant's deposition of the plaintiff's CEO despite harassment concerns because there was "little doubt that [the CEO] has relevant knowledge," even if his knowledge was not necessarily unique)).
[12] *Id.* quoting *Alex & Ani, Inc. v. MOA Intern. Corp.*, No. 10 Civ. 4590(KMW)., 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011).

4

assertion that Laubscher was not involved with HR policies or making disciplinary decisions is not persuasive.  Based on Plaintiff's allegations, Laubscher told Plaintiff that he would do his best to make changes around family leave, among other issues.  If anything, Defendant's bald assertion more so demonstrates why Plaintiff is entitled to depose Laubscher because it directly conflicts with what he allegedly stated in his email to Plaintiff.  This is especially true if Defendants do intend to rely on the *Faragher-Ellerth* defense. The Court does not find Plaintiff's request to depose Laubscher to be motivated by harassment, or that business would be inappropriately disrupted, as Plaintiff has agreed to hold the deposition remotely by video and limit the deposition to one hour.  Accordingly, Plaintiff's motion to compel the deposition of Mr. Oliver Laubscher is hereby granted.

## I.  CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel the one-hour deposition of Mr. Oliver Laubscher by video is hereby granted.  The deposition shall be conducted remotely and completed on or before the current discovery deadline of May 13, 2022.

Dated: Central Islip, New York
         April 15, 2022

S O  O R D E R E D:

/S/ *James M. Wicks*
          JAMES M. WICKS
     United States Magistrate Judge